HOWLAND *v.* BARTLETT *et al.*

86  6 9
f130  664

1. Where the same substantial facts affect equally the claims of three clients, that the attorney has settled with one to avoid being ruled, is evidence for the others on a rule brought by them. It is not excluded under §3789 of the code as an admission made by constraint or with a view to a compromise.
2. Unless requested, the court need not charge the jury specially as to the effect of a receipt in full.
3. The evidence being conflicting, the case is within the general rule of upholding verdicts where the trial judge is satisfied.

February 23, 1891. By two Justices.

Attorney and client. Evidence. Charge of court. Verdict. Before Judge Miller. Bibb superior court. November term, 1890.

On the trial of a rule brought by W. T. Bartlett and Mrs. S. E. Long against J. C. Howland as an attorney at law, the following facts appeared: He was employed by W. T. Bartlett, for himself and his sisters, Mrs. Long and Mrs. Jennings, to bring suit in Sumter county to recover their interest in certain land there, they claiming such interest under the will of Abner Bartlett, probated August 25th, 1848. Howland filed a petition for partition, which was resisted by C. L. Bartlett, executor of Sarah A. Dickenson, a daughter of Abner Bartlett, setting up that the property passed to her in fee under the will, and making various other questions for decision by the court. The judgment was, that the property was to be equally divided between Howland's clients and C. L. Bartlett, and a sale of the property by commissioners was ordered, half of the fund thereby raised to be paid to Howland as attorney, after paying expenses. On July 10th, 1886, having recovered the money, he rendered to the plaintiffs a statement showing the amount for which the property was sold and the expenses allowed by the court, making the half received by him as attorney for the plaintiffs $621.37. From this he deducted a fee for himself of $150, a fee paid to associate and resident counsel of $25, railroad fare $8.60, hotel expense $7.50, and expense of will $3.35; leaving to be divided among the three plaintiffs $426.92, one third of which he paid to each one of them. W. T. Bartlett gave him a receipt in full for his third; but the other plaintiffs refused to give receipts because of the fees and expenses charged. In the following November, Howland collected a small balance that was due for rent of the property, which he paid to the plaintiffs, Mrs. Long giving him a receipt for $5.50

of the amount "in full for balance due from moneys received from the Bartlett-Dickenson place in Americus, Ga." W. T. Bartlett testified that the terms of the contract between himself and Howland were, that Howland was to receive $75 and his expenses; that when he first approached Howland to employ him, he said he would charge a reasonable fee not exceeding $75 ; that the expense was not to be paid in advance, nor was any part of the fee to be paid in advance, and if Howland failed in recovery, he would not have been entitled to any fee at all or any part of the expense; that on presentation of Howland's statement, witness refused to acquiesce in his charges for fees of himself and associate counsel, claiming that all counsel fees should not have exceeded $75 ; that Howland proposed to him to pay him so much of the money, saying it made no difference if his sisters got but little, and refused to pay him any part of the recovery unless he would agree to the fee charged, and he therefore accepted the amount tendered and gave the receipt in full; that before the recovery, Howland said he thought he might recover for each one fourth of the whole estate; and that at the last term of court, witness was in Macon on the day this cause was set for trial, but did not go to the court-house until after the suit had been dismissed on account of his failure to do so, and on the case being reinstated, he was subpœnaed by Bayne (counsel for plaintiffs) as a witness. Mrs. Long testified that she did not know anything of the contract with Howland as to fees except what she learned from W. T. Bartlett, and knew of no contract her husband had made with Howland; that when, in November, Howland paid her her share of the sum he had collected for rent, he presented the receipt which she signed, but which she thought only referred to the rent; and that she did not say to him that she had reconsidered and inquired about

the correctness of his former charge and was satisfied it was all right. Theodore Jennings testified that, some time after his wife received from Howland the amount he admitted to be due, witness and Bayne went to see Howland, who told them to go to Cicero Tharpe (Howland's father-in-law) and he would pay them the amount; and that they called on Tharpe, who paid them $41.60.

Howland testified as follows : W. T. Bartlett came to him representing that he (Bartlett) and his sisters claimed a fourth interest in Mrs. Dickenson's estate in Sumter county, and desired to employ defendant to recover their interest ; also that the property was in the hands of Bartlett, executor, who denied that they had any interest, but if so, it was only one fourth. Upon this representation he agreed with W. T. Bartlett to take the case for $75, half of which was to be paid at once, and his expenses. In addition to this, he was to have the right to associate additional counsel at a reasonable fee to be paid out of the recovery. Shortly afterwards the husband of Mrs. Long came to defendant and said his wife was unable and unwilling to pay her part of the fees in advance, and that they were doubtful of making recovery; and proposed to give defendant $150 and all his expenses if he would agree that he would make it conditional on recovery; and defendant agreed to this. (This was denied by Long, who testified that he had gone to see Howland during this litigation but not about that matter; and that Howland wanted some money to grease the wheel, but he told Howland that he was charging enough, $75, and he would not pay him.) After this, W. T. Bartlett had a conversation with defendant and Cicero Tharpe, and said he was willing to pay his part as agreed in the original contract, but that his sisters were unwilling; and proposed to change the fee of $75 certain to $150 conditional. (This was corroborated by Tharpe and

denied by W. T. Bartlett.) After this discussion, defendant concluded that his clients were entitled to a half instead of a fourth-interest, and made application accordingly. Bartlett, executor, *et al.* employed Judge Willis Hawkins to represent them, and claimed the whole fund under the will, or at all events that plaintiffs were entitled to only a fourth-interest. Defendant employed B. P. Hollis as associate counsel, agreeing to a fee of $50. At the termination of the litigation, Hollis was made one of the commissioners to sell the property and divide the money, and received fees as commissioner, and on this account abated his fee to $25. Defendant went to Americus three times on this cause, and incurred the expenses charged by him; and as soon as the money from the litigation came into his hands, he at once notified his clients, and they came for a settlement. Bartlett demurred to the fee to Hollis, and told defendant that he thought defendant ought to abate the fee because he had so little trouble in winding it up, but conceded that it was correct under the contract. He took his *pro rata*, gave the receipt in full, and had never demanded any further sum; and defendant did not tell him (as he had testified) that unless he got said receipt he would not pay him anything. W. T. Bartlett did not question that the fees charged were in accordance with the contract, but claimed that they ought to be let off with less because the case had been wound up without much trouble to defendant, who claimed that that should not be, as he had recovered twice as much as he had been engaged to sue for. When Mrs. Long and Mrs. Jennings came, they said they did not understand the contract as defendant had them charged, and declined to give a receipt in full. Defendant paid them the amount he admitted, and referred them to W. T. Bartlett and Cicero Tharpe as to the correctness of said charge. When the balance on rent was collected, Mrs.

v 86-43

Long said she had examined into the correctness of
these former charges and found they were correct, and
she was ready to give a receipt in full; and the re-
ceipt as taken was then written, and she then under-
stood its terms; but Mrs. Jennings still refused to
agree to said charges. After this, Bayne and Jennings
came to defendant and said they wanted to examine the
papers, Bayne informing defendant that he had been
employed to rule him. Defendant, not desiring any
litigation, referred them to Cicero Tharpe, who was
present at the contract and knew its conditions. He
did not authorize them to collect anything from Tharpe;
simply referred them to him for information. The fee
of $150 and expenses was a reasonable fee for the ser-
vices rendered. Defendant never proposed to Bartlett
to pay him more than his legal share, but told him his
sisters ought to pay him something for his extra trouble.
No demand had been made upon him for money since
the settlement and taking of receipt.

Cicero Tharpe testified that Bayne came to him, and
informed him that Howland had sent him there as he
had advised the fee, and Bayne so told him with the
request that he pay him for Mrs. Jennings $41.60; that
witness was indignant, pulled out the money and paid
him; and that he would have paid it if it had been
$500, as Mrs. Jennings was a cousin of Howland's wife.

The jury found for each of the plaintiffs $25, and
$3.20 interest from July 10th, 1886. The defendant·
moved for a new trial on the following grounds:

(1–5) Verdict contrary to law and evidence.

(6) The plaintiffs brought out part of the conversa-
tion as to Tharpe's saying he advised this fee, and the
defendant offered the following part in the testimony
of Tharpe, the refusal by the court to allow which is
assigned as error: "In the conversation I told you
that I advised this fee. I said also I had a conversation

with Judge Hawkins, who was counsel on the other side, and who said that Howland's fees were richly worth $200; that he had won on the trial of said cause much more than he was entitled to."

(7) Error in failing to charge as to the effect of the receipts given by the plaintiffs, as evidence, though this had been an issue argued by counsel for both sides.

(8) Error in allowing the testimony that Tharpe had paid to Bayne the $41.60, over objection that it was impertinent, irrelevant and misleading to the jury.

The motion was overruled, and defendant excepted.

HARDEMAN & DAVIS, for plaintiff in error.

M. G. BAYNE, by brief, *contra*.

BLECKLEY, Chief Justice.

1. An attorney having collected a fund in which three clients were jointly and equally interested, upon a rule brought against him by two of them, evidence was admissible in favor of the movants that he paid to the third a sum almost equal to that now claimed of him by each of the other two. A payment made by a designated individual at his request would count for the same as if made directly by himself. Yielding to the demand of a client to avoid being ruled for the money does not make the transaction incompetent evidence, under section 3789 of the code, as an admission made by constraint or with a view to a compromise.

2. The ordinary effect of receipts in full given by clients to their attorney is not so likely to be misapprehended by the jury as to require the court to charge specially on that subject without any request to do so.

3. The evidence being conflicting, and the result depending chiefly upon the credibility of the witnesses, the discretion of the court below in refusing a new trial will not be controlled. Nothing appears to take this case out of the general rule.  *Judgment affirmed*.