JOHN W. CAMPBELL, Respondent, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, December 3, 1900.

1. **Appellate and Trial Practice: NEW TRIALS: EVIDENCE.** In granting new trials the circuit court has wide discretion and the appellate court only interferes in plain cases of abuse; and the evidence in this case fails to show such abuse.

2. ———: ———: **MISTAKE OF LAW: DISCRETION.** Where a new trial is granted for a supposed mistake of law, the appellate court, if there be no such mistake, will set aside the order since there is not in such cases the room for discretion that occurs in many others.

3. **Evidence: SETTING OUT FIRE: PAYMENT OF OTHER DAMAGES.** In an action to recover damages for fire alleged to be set out by defendant's engine, another sufferer by the same fire may testify to a voluntary settlement made with him by the defendant as it tends to prove that defendant conceded its engine set out the fire.

Appeal from the Johnson Circuit Court.—*Hon. William L. Jarrott*, Judge.

AFFIRMED.

*R. T. Railey* for appellant.

(1) It is too clear for argument, the court improperly admitted the evidence to the effect that Dodd paid Wolf $2

for the latter's damages. The admissions of an agent, however high he may be in authority, are not binding upon the principal, unless made under such circumstances as to constitute them a part of the *res gestae.* McDermott v. Railway, 73 Mo. 516; Adams v. Railway, 74 Mo. 553; Hamilton v. Berry, 74 Mo. 176; Scovill v. Glasner, 79 Mo. 455; Leahey v. Railway, 97 Mo. 165; Barker v. Railway, 126 Mo. 147, 148; Mitchell v. Plattsburg, 33 Mo. App. 555; Bowles v. Kansas City, 51 Mo. App. 419; Ely v. Railway, 77 Mo. 37; Hipsley v. Railway, 88 Mo. 348; Brennan v. City of St. Louis, 92 Mo. 482; Alcorn v. Railway, 108 Mo. 90; Mahaney v. Railway, 108 Mo. 200; Milling Co. v. Transit Co., 122 Mo. 278; Goble v. Kansas City, 148 Mo. 470; Mally v. Carpet, 51 Conn. 524; Chillicothe v. Raynard, 80 Mo. 189. (2) The law favors a compromise and settlement of claims out of court. Admissions or statements, therefore, in respect to matters of compromise are incompetent and can not be given in evidence. Smith v. Shell, 82 Mo. 220; Fink v. Ins. Co., 60 Mo. App. 677. (3) Dodd was simply shown to be the assistant claim agent, but it was nowhere shown that he was authorized to speak for defendant as to how the fire occurred, or as to who was responsible therefor. The plaintiff having failed to establish any legal right, upon the part of Dodd to bind defendant by any admissions, the court afterwards excluded this evidence. Plaintiff had notice that it would be excluded, unless authority was shown, authorizing Dodd to speak for defendant. Fretwell v. Laffoon, 77 Mo. 27, 28, 29; Griffin v. Railway, 22 Mo. App. 622, 623; Brown v. Railway, 67 Mo. 122; Mayberry v. Railway, 75 Mo. 492; Tucker v. Railway, 54 Mo. 181, 182; Wells v. Railway, 35 Mo. 164, 165; Maupin v. Mining Co., 78 Mo. 25; Diel v. Railway, 37 Mo. App. 457, 458; Hamilton v. Berry, 74 Mo. 178; Farber v. Railway, 116 Mo. 93, 94. (4) The sustain-

ing of plaintiff's motion to set aside the nonsuit, had the same force and effect, as though it were a motion for new trial. State ex rel. v. Railway, 149 Mo. 110, 111; Coatney v. Railway, 151 Mo. 40. On such a flimsy showing no court has any legal right to grant a new trial, or to sustain a motion to set aside a nonsuit, as in this case. Kansas City v. Oil Co., 140 Mo. 475, and cases cited; Mayor of Liberty v. Burns, 114 Mo. 433; Cook v. Railway, 56 Mo. 382, 383, 384; Fretwell v. Laffoon, 77 Mo. 26; State v. Nagel, 136 Mo. 50; Obert v. Strube, 51 Mo. App. 628; Mackin v. Railway, 45 Mo. App. 88, 89.

*Frank B. Fulkerson* for respondent.

(1) The setting aside of a nonsuit and granting new trial is a matter wholly in the discretion of the trial court, and it must appear affirmatively that the judge has abused his power before the appellate court will interfere therewith. Lovell v. Davis, 52 Mo. App. 342; Esnor v. Smith, 57 Mo. App. 584; McCullough v. Ins. Co., 113 Mo. 606; Bank v. Armstrong, 92 Mo. 265; McKay v. Underwood, 47 Mo. 187; McDonough v. Nicholson, 46 Mo. 35; Eidemiller v. Kump, 61 Mo. 342; Huckshold v. Railroad, 90 Mo. 548; Powell v. Railway, 59 Mo. App. 335; Bank v. Wood, 124 Mo. 72; Cook v. Railroad, 56 Mo. 384; Rickroad v. Martin, 43 Mo. App. 597; Ensor v. Smith, 57 Mo. App. 584; West v. McMullen, 112 Mo. 405. (2) Plaintiff's evidence was sufficient without the Dodd admission to Wolf, and the matter should have been left for the jury to decide as to the weight of the evidence. Torpey v. Railroad, 64 Mo. App. 382; Walker v. Railway, 68 Mo. App. 465; Kenney v. Railroad, 70 Mo. 243; Redmond v. Railroad, 76 Mo. 550; Matthews v. Railroad, 142 Mo. 645. (3) Dodd's voluntary payment

to Wolf for damages had by this same fire, should have been admitted in evidence.' Costigan v. Transfer Co., 38 Mo. App. 219; Paint Co. v. Mepham, 30 Mo. App. 15; Price v. Thornton, 10 Mo. 135; Bergeman v. Railroad, 104 Mo. 85.

ELLISON, J.—This is an action for damages caused to plaintiff's property by reason of a fire charged to have been set by one of defendant's locomotive engines. Plaintiff recovered in the trial court and defendant appeals.

It appears that at the trial in the circuit court (which was without a jury) the plaintiff was permitted to introduce, over the objection of defendant, the testimony of witness Wolf to the fact that defendant, through its claim agent, paid him for a loss resulting from the same fire. This was offered and admitted on the theory that it tended to prove an admission of liability for the fire. At the close of the case for plaintiff defendant offered a demurrer to the evidence and it was refused. Afterwards, at the close of the whole evidence, defendant again demurred and the court announced that it would exclude the testimony of Wolf aforesaid and sustain the demurrer. Plaintiff took a nonsuit with leave to move to set it aside. He afterwards filed such motion which the court sustained and granted plaintiff a new trial. Defendant afterwards sued out a writ of error from the supreme court which that court afterwards dismissed on account of not having jurisdiction. Afterwards, the case was called for trial in the circuit court, defendant failing to appear evidence was heard in plaintiff's behalf and judgment rendered for him from which the defendant prosecutes this appeal, alleging error in granting the new trial to plaintiff.

1. In the matter of granting new trials generally, the circuit court has a wide discretion and appellate courts always refuse to interfere except in plain cases of abuse.

Yates v. Shanklin, decided this term; Longdon v. Kelly, 51 Mo. App. 572; Rickroad v. Martin, 43 Mo. App. 597; Mason v. Onan, 67 Mo. App. 290; Baker v. Independence, 85 Mo. App. 180.

In this case, for the purpose of showing defendant's liability for the fire, plaintiff was permitted by the court to introduce testimony showing that it had admitted such liability by paying other damages arising out of the same fire; this was such evidence as would naturally lead plaintiff's counsel to believe that he would not need much, if any, other evidence to establish the same fact to the court's satisfaction. He so states in his motion to set aside the nonsuit and sustains the statement by affidavits that he could produce such evidence and that he could have introduced it at the trial but for being misled. It seems to us to be a case where the court could well feel the force of plaintiff's motion and while we might not have disturbed the matter had the ruling been the other way, neither will we disturb it since it is as it is. There is nothing in the case tending to show an abuse of discretion.

2. We concede that if the trial court grants a new trial on the ground of some supposed mistake as to a legal proposition arising in the case and it is afterwards ascertained by the appellate court that there will be no such mistake, the order granting the new trial will be set aside. This for the reason that in a matter exclusively of law, there is not the room for exercise of discretion that there is in a variety of other causes which may justify a new trial.

3. It is perhaps in recognition of the view just expressed which has led defendant to the contention that Wolf's testimony that defendant's agent paid him for his loss from the same fire, was incompetent evidence as a legal proposition. But conceding plaintiff's motion contained

nothing but this legal proposition, we think that in a case where the question is whether defendant's engine set out the fire, it is competent, as tending to prove that defendant itself conceded it did, to show that it, through one of its agents, voluntarily paid other parties for loss from the same fire. We think that such evidence has much probative force. We do not believe the discussion as to the incompetency of compromises is justified by the facts in the case. There was no pretense or suggestion of an offer of compromise with Wolf directly or indirectly.

Neither do we see how the discussion of the powers of agents of corporations is justified by the point under discussion. For here we need not pass upon the power of an agent to make an admission against his principal after the fact. The point here is that the principal did an act—an act of payment—through one of its agents which tends to show that it recognized a liability for the damages and from this necessarily also tended to show that that principal did the act which caused the liability.

We have been cited by plaintiff, on the question of the corporation agent's power to make admissions binding on the principal, to the following authorities, but we need not discuss them, since if the view we have just stated be correct, it is unnecessary, viz.:   Costigan v. Mitchael Transfer Co., 38 Mo. App. 219; St. Louis Paint Co. v. Mepham, 30 Mo. App. 15; Price v. Thornton, 10 Mo. 135; Bergeman v. Railroad, 104 Mo. 85.

It follows that the judgment should be affirmed. All concur.