Submitted on briefs, decided Jan. 31, rehearing denied Feb. 28, 1911.

## WEISS *v.* KOHLHAGEN.

[113 Pac. 46.]

ADJOINING LANDOWNERS—LATERAL SUPPORT—BUILDINGS ON LAND.

1. Where land is not in its natural condition, but has a building thereon, the right of lateral support, without regard to negligence, does not extend to the increased weight of the building, and an adjoining landowner will not be liable for removal of such support, but, if in making an excavation in a wrongful, careless, and negligent manner, he endangers the support of the building, injuring the building, he will be liable, though he had given notice to the owner of the building of his intent to excavate.

EVIDENCE—OPINION EVIDENCE.

2. To the general rule that the opinions of witnesses are not evidence, there are exceptions resting upon clear necessity, rendering them admissible as evidence, when from the nature of the case the facts cannot be stated or described so as to enable those whose duty it is to draw inferences therefrom to form an accurate judgment respecting them, and when no better evidence than such opinions is obtainable.

EVIDENCE—OPINION EVIDENCE—ADMISSIBILITY OF EXPERT TESTIMONY—
      DISCRETION OF COURT.

3. The admissibility of expert testimony rests largely in the discretion of the court, which, however, cannot arbitrarily admit or exclude such testimony; the discretion extending only to the application of rules of law governing the admissibility of the testimony.

EVIDENCE—OPINION EVIDENCE—COMPETENCY OF EXPERT TESTIMONY.

4. Contractors and builders of experience, acquainted with both the premises and the circumstances surrounding the falling of a building, caused by excavations on adjoining premises, are qualified to testify as to what was necessary to be done in making the excavation with safety to the adjoining building, and what was usually done under such circumstances.

EVIDENCE — ADMISSIONS — SETTLEMENT OF SIMILAR LIABILITY WITH
      OTHERS.

5. It may be shown that a party claimed to be liable had settled with others in the same position as plaintiff.

From Douglas: JAMES W. HAMILTON, Judge.

Statement by MR. JUSTICE BEAN.

This is an action by Max Weiss against George Kohlhagen to recover damages for alleged negligence in excavating along the side of a building occupied by plaintiff as a store. In June, 1908, the plaintiff, as lessor of A. C. Marsters, occupied a one-story brick building, built in 1904, 100 feet in length by 40 feet in width, situated

on lot 2, block 38, in the city of Roseburg. Defendant, the owner of the adjacent lot 3, for the purpose of erecting a building, excavated a trench thereon to the depth of six or seven feet, along the full length and so close to and below the foundation of plaintiff's building as to weaken and destroy the foundation supporting same. Plaintiff alleges that this excavation was carelessly and· negligently done, and that by reason of defendant's wrongful, careless, and negligent acts in failing to remove the earth, dirt, and clay by sections below and along the side of said building, and in failing to build and construct a wall for defendant's own building along the side of the building occupied by plaintiff, until the earth, dirt, and clay along the entire length of said building had been excavated by sections, as is usually and invariably done by diligent and careful builders, who make excavations with care and regard for the situation of adjoining estate, and that "by reason of the defendant's carelessness and negligence in having failed to employ the care, skill, and precaution usual in such cases, and in failing to shore up, brace, protect, and support said building or any part thereof, to make the same safe and secure, * * it greatly weakened the support and foundation of said building, and thereby caused the north side of said building, together with the wall, to cave in and fall down upon plaintiff's goods, wares, and merchandise, situated in said building."

After admitting and denying portions of plaintiff's complaint, defendant affirmatively alleges:

"That on or about the ——— day of June, 1908, defendant excavated a trench on his said lot 3, block 38, for the purpose of placing therein a foundation for a building. That said excavation was done carefully with a due regard for the safety of the property of the said A. C. Marsters, lessor of plaintiff, and for the property of plaintiff. That without fault of the defendant, and by

reason of the weight of super-structure placed thereon, the soil of the adjoining lot, whereon plaintiff was conducting his said business, as alleged in plaintiff's complaint, crumbled and fell away, and caused the wall of said building of said A. C. Marsters to fall. That plaintiff and the lessor of plaintiff, said A. C. Marsters, each had notice and knew that the defendant was going to excavate and was excavating on his own lot for the purpose of constructing thereon a building long prior to the time when said wall fell as aforesaid, and had notice of the method and manner of such excavation."

John Hunter, witness for plaintiff, testified, in substance, that there was a trench dug nearly the entire length of the building, that at the end next to Jackson Street it was between six and seven feet in depth, and at the lower end probably four feet deep, and that right at the wall it was dug straight down on the edge of the cement work, that he had had experience in excavating, having dug cellars at the side of buildings already constructed, braced up adjoining walls, and put in basements, and understood that line of building as well as any other. As to his method of making such excavations, witness Hunter stated that he usually excavated a trench for 10 or 20 feet, according to the character of the ground, filled that with cement, then dug another section for the same distance and filled with cement, and so on until completed, thus bracing the adjoining wall. Asked if this procedure was followed in making the excavation under dispute, witness responded that there was no cement in the trench on the side of the building where the wall caved in, that he noticed the weakness of the wall that morning, on account of the water leaking in, and called Mr. Aldrich's attention thereto, advising him to "send to Mr. Marsters and have him shore his wall up at once." On cross-examination Hunter was asked:

"Now, would the ground have fallen into that trench there without the weight of the Marsters building being on it?"

This was objected to by counsel for plaintiff, the objection overruled, and exception duly saved. On cross-examination F. F. Patterson, witness for plaintiff, was asked:

"From your experience as a builder, and from your experience as a contractor and digging trenches and building concrete foundations, what do you say? Would that ground have fallen down without the weight of the Marsters building on it or not?"

The question was objected to by plaintiff's counsel, on the grounds that it was irrelevant, incompetent, and immaterial. The objection was overruled by the court, and exception duly saved. On redirect examination the same witness was asked:

"Is it not a fact, Mr. Patterson, that where you dig a trench as deep as this trench was dug that the dirt generally caves in?"

To this objection was made by the counsel for defendant, as calling for the opinion of the witness, which objection was sustained by the court and exception duly saved. Upon the trial there was a verdict and judgment for defendant, and plaintiff appeals.     REVERSED.

For appellant there was a brief with oral arguments by *Mr. John T. Long, Mr. Charles L. Hamilton* and *Mr. Frank G. Micelli.*

For respondent there was a brief and oral arguments by *Messrs. Caldwell & Watson.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. Plaintiff alleges that the trial court erred in denying the motion to strike out that portion of defendant's answer asserting that plaintiff had notice, in sustaining defendant's objection to certain questions, and in overruling plaintiff's objection to certain questions, and in refusing to give instructions requested by plaintiff. Plaintiff filed a motion to strike out as irrelevant and immaterial

that portion of defendant's answer, alleging that plaintiff and the lessor of plaintiff had notice and knew of such excavation. This is clearly in answer to the allegation of plaintiff that defendant gave him no notice.

Bearing upon the question of notice, plaintiff requested of and was refused by the court the following instruction, saving thereto an exception:

"If you should find from the evidence that the defendant in making excavation on his lot, by reason of which it is alleged that the wall of the building on the adjoining lot was caused to fall and do the damage complained of, and you find that the excavation was made by the defendant in an unskillful and negligent manner, and that reasonable and ordinary precautions were not taken by the defendant in making said excavation, so as to prevent injury to the adjoining building, then the defendant would be liable for the injury caused, notwithstanding the fact that the defendant had given plaintiff notice that he intended to make the excavation, or that plaintiff had actual knowledge that the excavation was being made."

In 3 Sutherland, Damages, 417, the law applicable to this question is stated as follows:

"There is incident to the land in its natural condition a right of support from the adjoining land, and, if land not subject to artificial pressure sinks and falls away in consequence of the removal of such support, the owner is entitled to damages to the extent of the injury sustained. * * (citing *McGuire* v. *Grant*, 25 N. J. Law 356: 67 Am. Dec. 49)."

And in *Hummell* v. *Terrace Co.*, 20 Or. 401, 408 (26 Pac. 277, 280), Mr. Justice LORD remarks:

"If the defendant neglected to build the wall in a way and of material as was calculated to resist the pressure of such storms as might reasonably be expected to happen, it neglected to provide against the risks to which its structures exposed the property of the plaintiff, and was guilty of negligence and a want of ordinary care—not remote or speculative negligence, but actual negligence— in failing to do what the law required of the defendant,

namely, that a party in the exercise of a right upon his own land which involves danger to the property of his neighbor is bound to provide against such danger by all reasonable prudence and care."

At the time of the rendition of the opinion in *Aston* v. *Nolan*, 63 Cal. 269, 273, there was in California a statute requiring the giving of a notice when one excavated upon an adjacent lot and opposite to a building, in considering the effect of which the court observes:

"It would seem that by neglecting to give notice to the adjacent proprietor, as required by Section 832 of the civil code, the person excavating his own lot would become liable for injuries caused by a caving which would not have occurred except for the superincumbent weight of his neighbor's building. This by reason of the section which requires him to give the notice. * * It is apparent that by giving the notice a person excavating cannot relieve himself of any portion of the prudent care with which he must have conducted the work in the absence of the statutory provision requiring notice. His excavation must be such as would not have caused the soil of the adjacent lot to tumble in had it remained in its natural state—not built upon. But if he gives the notice, and so conducts the work as that the soil, without the weight of the edifice, would not have fallen, his whole duty is performed. * * Since the enactment of the section of the code the rights and duties of adjoining proprietors—with reference to the matter in hand—are substantially the same as they were before, provided notice is given by the party intending to excavate."

See, also, *Conboy* v. *Dickinson*, 92 Cal. 600 (28 Pac. 809). In *Ulrick* v. *Dakota Loan & Trust Co.*, 2 S. D. 285, 291 (49 N. W. 1054, 1055), the court, after citing 2 Wash. Real Prop. 380, states:

"As its right of lateral support is incident only to the land itself, in its natural condition, and without the super-added weight of improvements, the damages recovered in an action for the simple withdrawal of such support are limited to the injury to the land itself: *Thurston* v.

*Hancock,* 12 Mass. 221 (7 Am. Dec. 57) ; *Gilmore* v. *Driscoll,* 122 Mass. 199 (23 Am. Rep. 312) ; *Ferrand* v. *Marshall,* 19 Barb. (N. Y.) 380; Cooley, Torts, p. 594. But it is well settled that the withdrawal of such lateral support may be done in such a manner as to create a liability beyond the injury to the land simply. The law requires of every man that he shall so use his own property as not unnecessarily to injure that of his neighbor. If, therefore, in making the excavation which he has a right to make, he do it in a wrongful, negligent, or reckless manner, he will be liable for the full consequences of his acts—not only for injury to the soil itself, but to the improvements or superstructures thereon—citing *Quincy* v. *Jones,* 76 Ill. 241 (20 Am. Rep. 243), and other cases."

And in *Bohrer* v. *Dienhart Harness Co.,* 19 Ind. App. 489, 498 (49 N. E. 296, 299), it is said:

"The owner of land has the absolute legal right that it in its natural condition without any structure or artificial weight thereon shall not be deprived of the support which it in such natural condition has from adjoining land; and he may recover for the violation of such right, without regard to the presence or absence of negligence on the part of the person who violates the right by the removal of such support. Where the land is not in its natural condition, but has a building thereon, as in the case before us, the right of support without regard to negligence does not extend to the increased weight caused by the building, and for the removal of the support without negligence there can be no recovery for any loss greater than would have resulted if the land had not been burdened with the superincumbent artificial weight. Where one in making improvements on his own land excavates it and thereby endangers the support of a building upon the adjoining land of another, the former by giving notice to the latter may relieve himself of the necessity of using extraordinary efforts to protect the building; but in making such excavation ordinary care must be exercised to avoid such danger, and the person making it will be responsible for the consequences of negligence therein of himself or his servants—citing *Block* v. *Hazeltine,* 3 Ind. App. 491 (29 N. E. 937), and *Moellering* v. *Evans,* 121 Ind. 195 (22 N. E. 989: 6 L. R. A. 449)."

See, also, *Kennedy* v. *Hawkins,* 54 Or. 171 (102 Pac. 733: 25 L. R. A. (N. S.) 606).

We think the law governing this case is that when land is not in its natural condition, but has a building thereon, the right of lateral support, without regard to negligence, does not extend to the increased weight of the building; and for the removal of such support, without negligence, but with ordinary prudence and care, defendant would not be liable. But, if defendant, in making excavation on his lot, endangered the support of the building occupied by plaintiff on the adjacent lot, and did not exercise reasonable prudence and care to avoid such danger, but made his excavation in a "wrongful, careless and negligent manner," thereby causing injury to plaintiff's property, defendant would be liable. The giving of the notice would not relieve him from liability in case of his negligence in making the excavation.

From an examination of the instructions given, the theory of the law upon which the cause was tried by the lower court appears to have been that, if plaintiff had knowledge or notice that defendant was making or intended to make such excavation, the defendant would not be liable, even though the work were done in a wrongful, careless, and negligent manner, and the instructions given were to that effect. We think the substance of the instruction asked by plaintiff in so far as the same relates to the notice should have been given. We deem it unnecessary to consider all the alleged errors as some of the questions are similar.

2. Concerning the opinion of witnesses in the case of *National Bank* v. *Fire Association,* 33 Or. 179 (53 Pac. 10), Mr. Justice WOLVERTON remarks:

"The general rule is that the opinions of witnesses are not evidence, but to this there are two notable and well-established exceptions, both of which are said to rest upon a clear necessity, that is to say, it is only allowable

when from the nature of the case the facts cannot be stated or described in such a manner as to enable those whose duty it is to draw inferences and conclusions therefrom to form an accurate judgment respecting them, and when no better evidence than such opinions is obtainable."

While in *Nutt* v. *Southern Pacific Co.*, 25 Or. 291 (35 Pac. 653), Mr. Chief Justice LORD thus states the rule:

"The necessity for opinion evidence only exists where the facts in controversy are incapable of being detailed and described so as to give the jury an intelligible understanding concerning them; but when the facts are such as can be detailed or described, and the jury are able to understand them and draw a conclusion from them without such opinion evidence, the necessity for it does not exist."

See, also, *Graham* v. *Pennsylvania Co.*, 139 Pa. 149 (21 Atl. 151: 12 L. R. A. 293); *Rogers* v. *Rhodeback*, 5 N. Y. Leg. Obs. 334.

3. The only difficulty in regard to the evidence in this case is in the application of the rule. It is not always easy to determine whether the evidence comes within the exception to the general rule.

"The admissibility of expert testimony rests to a large extent in the discretion of the court, but this does not mean that the court may arbitrarily admit or exclude such testimony, but merely that the court may exercise a sound judicial discretion in each case in applying rules of law governing the admissibility of such testimony." 5 Ency. of Evidence, 524.

4. In this case it appears that some of the witnesses are contractors and builders of experience, acquainted with both the premises and the circumstances surrounding the falling of the building, and therefore peculiarly qualified to give information as to what was necessary to be done, and what was usually done, under such circumstances.

5. George Kohlhagen, defendant, as a witness in his own behalf, upon cross-examination was asked:

"Now is it not a fact, Mr. Kohlhagen, that after the Marsters building fell down that you paid Mr. Marsters for his building and damages?"

This was objected to by defendant's counsel, the objection sustained, and exception duly saved. It may be shown that the party claimed to be liable has settled with others in the same position as plaintiff: *Howland* v. *Bartlett,* 86 Ga. 669 (12 S. E. 1068); *Campbell* v. *Missouri Pacific R. Co.,* 86 Mo. App. 67; *Grimes* v. *Keene,* 52 N. H. 330; 16 Cyc, 594, and note. However, the bill of exceptions in this case does not disclose what the answer to the question would have been or whether or not the payment was in the nature of a compromise.

For the failure to give the instruction above mentioned the judgment of the lower court is reversed, and the cause remanded for a new trial.   REVERSED.