Argued February 3, affirmed March 3, 1954

ZAHUMENSKY *v.* FANDRICH
267 P. 2d 664

*Nathan Weinstein,* of Portland, argued the cause and filed a brief for appellant.

*L. A. Recken,* of Portland, argued the cause for respondent. On the brief were Recken & Recken, of Portland.

Before LATOURETTE, Chief Justice, and WARNER, ROSSMAN, and PERRY, Justices.

PERRY, J.

Plaintiff brought an action against the defendant to recover for personal injuries suffered while riding as a paying guest in the defendant's automobile. The jury returned a verdict for the defendant and the plaintiff has appealed.

Briefly the facts are: That the plaintiff and the defendant were both plasterers employed by one B. F. Smith on work being done in Newberg, Oregon. The parties resided in the city of Portland and there was an agreement between the parties that, as each had an automobile, on the day that the party owning the automobile transported the other person, that person paid $1 for his transportation. That on the 28th day of November, 1950, at approximately 5:15 p.m., the defendant's automobile proceeding in a northeasterly direction towards Portland on southwest Barbur boule-

vard collided with a Ford automobile which was making a lefthand turn from the southwesterly bound traffic lane of the said highway, although there was no intersecting highway at this point from the southeast into Barbur boulevard. That the Ford automobile was being driven by one Douglas Robbins, who was accompanied by his wife. That in this accident the plaintiff received the injuries complained of.

The plaintiff assigns as error the sustaining by the trial court of an objection to the following question:

"I will ask you to state whether or not there is as much work available to you now as there was prior to the accident?"

The plaintiff then made an offer to prove that if permitted to answer the question he would say that his ability to obtain work subsequent to the injuries was limited by reason of the accident.

■ The plaintiff had been permitted to testify fully as to his physical condition and his ability to carry on his work as a plasterer, and the offer of proof would go no further than the showing already made. The question was repetitious, and the court did not err in sustaining the objection.

The plaintiff's second assignment of error is based upon the refusal of the court to permit the plaintiff to make inquiry of the defendant as to whether or not he had paid a sum of money as compensation to a Mrs. Robbins, who, as a passenger in the Ford automobile, had suffered injuries in the collision. The plaintiff relies upon the case of *Weiss v. Kohlhagen,* 58 Or 144, 153, 113 P 46, wherein this court said:

"* * *. It may be shown that the party claimed to be liable has settled with others in the same position as plaintiff: Howland v. Bartlett, 86 Ga.

669 (12 S.E. 1068); Campbell v. Missouri Pacific R. Co., 86 Mo. App. 67; Grimes v. Keene, 52 N.H. 330; 16 Cyc, 594, and note. \* \* \*."

Since the opinion of *Weiss v. Kohlhagen,* supra, was written, the courts generally have, as a matter of public policy to encourage and not discourage compromises and settlements which the law favors, held inadmissible evidence to the effect that a defendant in a negligence action has paid third parties on claims arising from the same transactions for the purpose of showing an admission of liability.

The case of *Howland v. Bartlett,* supra, was overruled by the Georgia case of *Scott v. Torrance,* 69 Ga. App. 309, 25 SE2d 120; the case of *Campbell v. Missouri Pacific R. Co.,* supra, was overruled by the case of *Pfiffner v. Kroger Grocer & Baking Co.,* (Mo. App.) 140 SW2d 79; and, while the New Hampshire cases seem to be in a state of flux, they seem to hold that if the matter is called to the attention of the court, the trial court must first determine whether the settlement was made with a third person as a compromise of a claim, the validity of which was denied by the defendant, or as an admission of liability, and if the trial court determines the payment was an admission of liability and not the compromise of a denied liability, it becomes admissible. *Gault v. Concord R. Co.,* 63 NH 356.

■■ We are of the opinion that the better rule is that where a settlement is made by way of compromise with a third person not a party to the suit, arising out of the same transaction or incident, evidence of the settlement with that third person is not admissible in evidence as an admission of liability. See Annotations, 20 ALR2d 304.

■ As a third assignment of error, the plaintiff complains of the trial court's deletion from his requested instruction No. 4 the second paragraph thereof. The first paragraph of the instruction sets forth in the words of the statute the basic rule (§ 115-320 OCLA, as amended, now ORS 483.102), and the second paragraph which was deleted read as follows:

"Failure to obey any of the provisions of Oregon Statute to which I have called your attention is negligence per se or negligence in and out of self, regardless of what a reasonably careful person might or might not do in absence of such statutory provisions."

The vice of this portion of the requested instruction is in the use of the words "regardless of what a reasonably careful person might or might not do in the absence of such statutory provisions". This statement withdraws from the consideration of the jury what a reasonably prudent man would do with reference to the speed of his automobile under the circumstances then and there existing. The basic rule applies to the driven speed of an automobile upon a highway, and the very essence of the statute is the speed at which a reasonably prudent person would drive under the circumstances then and there existing, taking into consideration the traffic thereon, the surface and width of the highway as it existed, the hazards at intersections, and any other conditions then existing that would apprise a reasonably prudent person as to the speed at which he should drive to meet these conditions and, likewise, to control his automobile for the purposes of safety as outlined in the act. *Zeek v. Bicknell,* 159 Or 167, 175, 78 P2d 620.

The court properly refused to give that portion of the requested instruction.

The plaintiff also complains of the trial court's failure to give an instruction to the effect that the defendant was weaving in and out of traffic at the time and place of the accident. We have carefully studied the transcript and there is no evidence that would justify the court in giving the instruction requested. This issue of negligence was properly withdrawn from the consideration of the jury.

The plaintiff assigns other matters as alleged errors of the trial court. We have carefully considered each of them. We do not consider that the trial court erred in refusing to give the instruction assigned as Error No. 5, or the instruction assigned as Error No. 6, or in giving and withdrawing from the consideration of the jury instruction No. 5 assigned as Error No. 7.

Finding no error in the record, the judgment of the trial court is affirmed.