Submitted September 19, 2016, reversed and remanded September 7, 2017

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## OSCAR BERNARDO VILLAR,
*Defendant-Appellant.*

Multnomah County Circuit Court
15CR00023; A159411

404 P3d 1095

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Egan, Presiding Judge, and Lagesen, Judge, and Schuman, Senior Judge.

## LAGESEN, J.

Defendant was convicted by a jury of second-degree criminal trespass, ORS 164.245; resisting arrest, ORS 162.315; and interfering with a peace officer, ORS 162.247. He appeals, contending that the trial court erred by permitting the state to introduce evidence of defendant's invocation of his right against self-incrimination under Article I, section 12, of the Oregon Constitution and the Fifth Amendment to the United States Constitution. For the reasons that follow, we conclude that the trial court erred in the manner asserted and, further, that the error was not harmless. We therefore reverse and remand.

The facts pertinent to the issue on appeal are largely procedural. The charges against defendant arose after an incident at a bathhouse where defendant had rented a room. Bathhouse employees requested that police remove defendant from the premises after he refused to leave at their request. Precisely what happened next was the subject of conflicting testimony at trial; defendant testified to one version of events, while officers and a bathhouse employee testified to another. What is not disputed is that defendant was eventually tased and arrested.

After defendant was arrested, Sergeant Baxter was called to the scene to investigate the tasing and to assess whether it was a permissible use of force. Baxter spoke with defendant, who was in handcuffs and had just received treatment for injuries that resulted from the tasing. Baxter asked defendant to share his version of events, but defendant declined to do so.

At trial, the prosecutor called Baxter as a witness, asking her to recount her interaction with defendant. When asked whether defendant was cooperative, Baxter testified that, when she "gave [defendant] the opportunity to give his version of what happened, he said 'I have nothing to say.'" Defendant immediately objected, stating only "objection," but the trial court directed Baxter to continue with her testimony. Baxter then testified, "Yeah. All he said is—actually I think he said, 'I got nothing to say.'" In closing argument, the prosecutor then urged the jury to discredit defendant's

version of events based, in part, on the evidence that he had refused to recount his version of events to Baxter:

> "Why didn't he tell Sergeant Baxter his side of the story? He didn't. He didn't have any of that at the time and now, months later, gets on the stand and tells you this story about how, oh, he wanted to leave, 'The officers bum rushed me. They didn't give me a chance. They said hateful things. They tased me without reason.' And he wants you to believe that."

On appeal, defendant argues that the trial court erred in permitting Baxter to testify that defendant had "nothing to say" to her in response to her request that he tell her his version of events. Defendant points out that he was in custody at the time and had a constitutional right, under Article I, section 12, and the Fifth Amendment, not to answer Baxter's question. He argues that his statement to Baxter was an unequivocal invocation of that right, *see State v. Avila-Nava*, 356 Or 600, 618, 341 P3d 714 (2014), and that evidence of that invocation was not admissible at his criminal trial under *State v. Smallwood*, 277 Or 503, 505-06, 561 P2d 600, *cert den*, 434 US 849 (1977) (holding that evidence of a defendant's invocation of the right to remain silent ordinarily is not admissible at the defendant's criminal trial); *see also State v. Ragland*, 210 Or App 182, 186-88, 149 P3d 1254 (2006) (discussing principle). In response, the state (correctly) does not dispute that defendant's in-custody statement that he had "nothing to say" to Baxter was an unequivocal invocation of his state and federal constitutional right against self-incrimination, and also does not dispute that the evidence was not admissible under *Smallwood*. Instead, the state argues that defendant's general objection did not preserve his argument on appeal and, alternatively, that any error in admitting defendant's statement as evidence was harmless. We address those arguments in turn.

As to the state's contention that defendant failed to preserve his appellate argument, we recognize that, as a general matter, a general objection to the admissibility of evidence is inadequate to preserve for appellate review a contention that the trial court erred in admitting the evidence.

*Williamson v. Southern Pacific Transp. Co.*, 284 Or 11, 16, 584 P2d 753 (1978). However, "[a]n exception to this rule is recognized when it is apparent from the record that the trial judge must have known what the ground of objection was." *Id.*; *see Johnson v. Myrick*, 285 Or App 395, 400 n 2, 396 P3d 285 (2017) (OEC 103(1)(a) "generally requires that a party objecting to the admissibility of evidence identify the specific ground of the objection, if the specific ground [is] not apparent from the context." (citations omitted)). In this case, the ground for defendant's objection would have been apparent to the trial court from context. Baxter had just testified that she asked an in-custody defendant to give his version of the events leading up to his arrest, and defendant had said—clearly—that he did not want to do so, thereby invoking his right to remain silent. Defendant immediately objected, signaling to the trial court that it was that particular testimony to which defendant was objecting. The rule of law barring the admission of evidence of a defendant's invocation of his right to remain silent is clearly established, and the record in this case does not indicate any other plausible basis for defendant's objection. Although it would have been preferable for defendant to have specifically stated the grounds for his objection, the trial court ruled promptly on defendant's objection and did not ask for further specification, suggesting that it was apparent to the trial court that it understood the basis for defendant's objection. We therefore reject the state's argument that defendant's general objection did not preserve the issue he raises on appeal.

The state does not dispute that the evidence of defendant's statement to Baxter was inadmissible, and we agree. The trial court therefore erred in admitting it over defendant's objection. The remaining question is whether that error was harmless. "To determine whether it is reversible error to admit evidence of a defendant's exercise of his or her rights, we look to the likelihood that the jury would draw a prejudicial inference." *State v. House*, 282 Or App 371, 379, 385 P3d 1099 (2016) (citing *Ragland*, 210 Or App at 190-91). Only if there is "little likelihood" that the erroneously admitted evidence affected the jury's verdict may we affirm. *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003). Here, we are persuaded that there is more than a "little likelihood"

that the admission of the evidence affected the jury's verdict in a manner prejudicial to defendant. The prosecutor specifically urged the jury to reject defendant's version of events—a version that was much more favorable to defendant—based on the fact that defendant did not tell his story to Baxter. In view of that argument, we think there is some likelihood that the jury drew the precise inference that the prosecutor argued it should draw. Because that inference is not one that the constitution permits, we reverse. *House*, 282 Or App at 379.

Defendant has raised two other assignments of error, both relating to fees that defendant contends the trial court impermissibly imposed. Our resolution of defendant's first assignment of error obviates the need to address those assignments of error because it is not readily apparent that the same issue will recur on remand.

Reversed and remanded.