Argued and submitted June 24, $2,000 fine on DUII conviction vacated;
remanded for resentencing; otherwise affirmed August 6, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

REGINA MARIE FRIER,
*Defendant-Appellant.*

Linn County Circuit Court
12020282; A152701

333 P3d 1093

Elizabeth Gillingham Daily, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Peenesh H. Shah, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Tookey, Presiding Judge, and Hadlock, Judge, and De Muniz, Senior Judge.*

HADLOCK, J.

---

* Hadlock, J., *vice* Haselton, C. J.

**HADLOCK, J.**

Defendant appeals a judgment reflecting her conviction of four misdemeanors: driving under the influence of intoxicants (DUII) in violation of ORS 813.010, driving while suspended, and two counts of failure to appear.[1] In her second and third assignments of error, defendant argues that the trial court erred by empanelling a six-person jury and by accepting that jury's verdict. Those arguments fail under *State v. Sagdal*, 258 Or App 890, 311 P3d 941 (2013), *rev allowed*, 354 Or 814 (2014), and we reject them without further discussion. In her first assignment of error, defendant challenges the trial court's imposition of a $2,000 fine on the DUII conviction. For the reasons that follow, we vacate the $2,000 fine and remand for resentencing, and we otherwise affirm.

The facts in this case are undisputed. After a jury convicted defendant of DUII and other charges, the trial court imposed a sentence that included 60 months of probation on the DUII conviction. Under ORS 137.540(2)(a), the court had the authority to order, as a special condition of probation, that defendant "be confined to the county jail" for up to one year or one-half the maximum period of confinement that could be imposed for DUII, whichever was less. The state asked the court to order defendant to serve five months in jail, and the court did so.

The trial court also imposed a fine on defendant in association with the DUII conviction. Two statutes controlled the court's decision about the amount of that fine. As is generally true for Class A misdemeanors, the court had *discretion* to order defendant to pay a fine of up to $6,250 under ORS 161.635(1)(a).[2] *See State v. Cloutier*, 351 Or 68, 70, 261 P3d 1234 (2011) ("The maximum fine for a Class A misdemeanor, including misdemeanor DUII, is $6,250.").

---

[1] At sentencing, the state noted that this was defendant's fourth DUII conviction: however, the current offense did not qualify as a felony because of the timing of her previous convictions. *See* ORS 813.010(5) (DUII is a Class C felony if the person has been convicted of DUII at least three times in the 10 years prior to the current offense).

[2] ORS 161.635(1) provides that a "sentence to pay a fine for a misdemeanor shall be a sentence to pay an amount, fixed by the court, not exceeding" certain amounts, including "$6,250 for a Class A misdemeanor."

However, because defendant had been convicted of DUII, the trial court was *required* to impose at least a mandatory minimum fine under the schedule set out in ORS 813.010(6):

"In addition to any other sentence that may be imposed, the court shall impose one or more of the following fines on a person convicted of [DUII] as follows:

"(a) For a person's first conviction, a minimum of $1,000.

"(b) For a person's second conviction, a minimum of $1,500.

"(c) For a person's third or subsequent conviction, a minimum of $2,000 *if the person is not sentenced to a term of imprisonment.*"

(Emphasis added.) *See Cloutier*, 351 Or at 70 (describing ORS 813.010(6)(a) as setting forth the "mandatory minimum fine" for DUII).

Because this case involved defendant's fourth DUII conviction, the state requested that the court impose the statutory minimum fine of $2,000 under ORS 813.010(6)(c). Defendant objected to the imposition of a $2,000 fine, arguing that, if the court ordered defendant to serve time in jail, that order would result in her being "sentenced to a term of imprisonment" and therefore the statutory minimum fine under ORS 813.010(6)(c) would not apply.[3] Regarding the phrase "term of imprisonment," defendant asserted that "the legislature wasn't particularly clear if they meant an extended term of incarceration or a term with the Department of Corrections, and I would suggest with the State asking for a period of four [*sic*] months that that is what the legislature intended[.]" Thus, defendant argued, the mandatory minimum fine applicable to this case was only $1,500, under ORS 813.010(6)(b).

Before the court announced defendant's sentence, it informed defendant accurately that it could fine her "up to $6,250" on the DUII conviction. The court later announced that it would impose a lesser fine, explaining,

---

[3] Jail time ordered as a condition of probation is considered part of a defendant's "sentence." *Holcomb v. Sunderland*, 321 Or 99, 106-07, 894 P2d 457 (1995).

"I'm imposing the—a fine of $2,000. I note [defendant's] argument. I believe that the statutory minimum fine and the—the sentence that I imposed is [*sic*] appropriate."

Defendant appeals, arguing that, because she was "sentenced to a term of imprisonment" for purposes of ORS 813.010(6)(c), she was not subject to the statutory minimum fine of $2,000. Specifically, defendant argues that a "term of imprisonment" does not require confinement in prison (as opposed to a county jail), or for a minimum amount of time. Defendant acknowledges that the court had discretion to impose a fine of up to $6,250, but argues that the court did not exercise its discretion in this case—instead, she contends, the court imposed the $2,000 fine because it erroneously believed that it was required to do so.

The state's response on appeal is succinct. It does not meaningfully contest defendant's interpretation of ORS 813.010(6)(c), but neither does it expressly concede that defendant's interpretation is correct. Instead of taking an explicit position on whether the statute required the trial court to impose a $2,000 fine as a mandatory minimum, the state argues that the trial court did not do so. That is, according to the state, the trial court did not impose the $2,000 fine as a mandatory minimum under ORS 813.010(6)(c) but, instead, properly exercised its discretion in *choosing* to impose a fine of that magnitude under ORS 161.635(1)(a).

In addressing the parties' arguments, we begin by considering whether, under ORS 813.010(6)(c), the trial court was required to impose a $2,000 mandatory minimum fine in this case or whether, as defendant contends, she is not subject to that mandatory minimum fine because she was sentenced to a "term of imprisonment." Specifically, we must determine whether a "term of imprisonment," as that phrase is used in the statute, is limited to *prison* terms (as the word "imprisonment" might seem to suggest) or whether, instead, it covers a broader range of incarceration, including a term of five months in a county jail. When construing a statute, we seek to determine the legislature's intent by examining the text and context of the statute, as well as legislative history, if useful. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009).

The term "imprisonment" is not defined in either the vehicle code or the criminal code, but defendant points to several statutes in which the term has been used in reference to confinement in a county jail and to include incarceration for relatively short periods of time, including ORS 420.011(3) (referring to certain youth offenders who are sentenced to a "term of imprisonment in the county jail"), ORS 137.124(4) (designating the county jail as the place of confinement for a misdemeanor "sentence of imprisonment"), and ORS 161.505 (defining an "offense" as "conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state"). We agree that those statutes provide important context suggesting that the legislature generally uses the phrase "term of imprisonment" to refer to a term of confinement either in jail or in prison. We note that several other statutes also refer to "imprisonment" in jail. *See* ORS 137.320(4) (referring to a judgment of "imprisonment in the county jail"); ORS 137.330(1) (same); ORS 137.390 (referring to "a sentence of imprisonment in the county jail"). *See also Holcomb v. Sunderland,* 321 Or 99, 106, 894 P2d 457 (1995) (the term "imprisonment," as used in ORS 137.320(4), includes time spent in county jail).

Perhaps the most persuasive context for interpreting the phrase "term of imprisonment" in ORS 813.010(6)(c) is found in a related statute: ORS 813.020, to which the former statute refers. *See* ORS 813.010(3) (a person convicted of DUII "is subject to ORS 813.020 in addition to this section"). ORS 813.020(2) requires a court that sentences a person for DUII to "impose and not suspend execution of a sentence requiring the person either to serve at least 48 hours' *imprisonment* * * * or to perform community service[.]" (Emphasis added.) That provision contemplates that a term of "imprisonment" can be as short as 48 hours, which presumably would be served in a county or other local jail, not in a state penitentiary. Thus, that statute, too, suggests that a "term of imprisonment," as that phrase is used in ORS 813.010(6)(c), encompasses even relatively short periods of time spent either in jail or in prison.

Dictionary definitions of the term "imprisonment" are consistent with that understanding. *Webster's* defines "imprisonment" as "**1 :** the act of imprisoning or the state of

being imprisoned : CONFINEMENT, RESTRAINT 2 : constraint of a person either by force or by such other coercion as restrains him within limits against his will[.]" *Webster's Third New Int'l Dictionary* 1137 (unabridged ed 2002). According to that definition, imprisonment is not limited to confinement or restraint in a state penitentiary as opposed to a county or other local jail; nor is it limited to any minimum amount of time. Similarly, *Black's Law Dictionary* 825 (9th ed 2012) defines "imprisonment" as "**1.** The act of confining a person, esp. in a prison * * * **2.** The state of being confined; a period of confinement[.]" Although the first *Black's* definition of "imprisonment" notes that the term may "especially" refer to confinement in prison, the definition does not limit the meaning of "imprisonment" to that type of confinement. Moreover, the second definition refers to confinement more generally, and—like the definition in *Webster's*—without reference to a particular place or a minimum amount of time. We conclude that the dictionary definitions are consistent with the meaning that we derive from the statutory context in which the term "imprisonment" is used: it can refer to incarceration in any correctional facility; it does not refer exclusively to confinement in a state prison.

Defendant acknowledges two aspects of the legislative history of ORS 813.010 that could be understood to suggest a different legislative intent: that the exclusion from the mandatory minimum fine in ORS 813.010(6)(c) for persons who are sentenced to a "term of imprisonment" for a third or subsequent DUII conviction applies only to people who are convicted of felonies and, therefore, are generally sentenced to longer terms of incarceration than are people convicted of misdemeanors. First, defendant notes that the legislature added the three-tier minimum mandatory fine structure at the same time that it enacted a provision making DUII a Class C felony if the defendant had been convicted of DUII three other times in the 10 years before the date of the current offense. Or Laws 1999, ch 1049, § 1. Thus, the legislature may have contemplated that people sentenced to a "term of imprisonment" would refer to that subset of DUII defendants otherwise subject to ORS 813.010(6)(c) who—having had at least three *previous* DUII convictions—would receive felony sentences that might include incarceration

in a state prison. Second, defendant acknowledges a statement by an attorney from the Office of Legislative Counsel during a committee hearing explaining that the mandatory fine under ORS 813.010(6)(c) would apply "only if the person is not sentenced to *prison*, presumably because a person in prison is not going to have the means to pay that back." Tape Recording, House Committee on Judiciary, Subcommittee on Criminal Law, HB 2002, Apr 14, 1999, Tape 136, Side A (statement of Counsel John Horton; emphasis added).

We agree with defendant that those aspects of the legislative history are insufficient to counter the statutory text and context discussed above, which persuasively indicate that the phrase "term of imprisonment" can refer to either a jail term or a prison term. One witness's passing reference to "prison"—during a colloquy that did not focus on any distinction between prison and jail—does not establish that the legislature intended the statute to distinguish between those forms of incarceration. To the extent that the legislature may have been concerned with defendants' ability to pay fines, as legislative counsel suggested, those concerns could apply as readily with respect to defendants serving significant jail terms of several months as they might to defendants serving prison terms. And if the legislature intended to exclude from application of ORS 813.010(6)(c) only those people who were convicted of *felony* DUII or who were sentenced to incarceration in a state prison, it could have said so directly, rather than referring more generally to people sentenced to a "term of imprisonment." In short, the legislative history offered by defendant does not shift our view that the phrase "term of imprisonment," as used in ORS 813.010(6)(c), can refer to incarceration either in a jail or in a prison.

Thus, we conclude that a person—like defendant—who has been ordered to serve five months in county jail as a condition of probation has been sentenced to a "term of imprisonment" for purposes of ORS 813.010(6)(c). Accordingly, defendant was not subject to the mandatory minimum $2,000 fine set forth in that statutory subsection, and the sentencing court was not required to impose a $2,000 fine in this case. If the court imposed that fine because it believed that it was required to do so, it erred.

As noted, the state does not argue that the trial court was required, under ORS 813.010(6)(c), to impose a mandatory minimum $2,000 fine for defendant's DUII conviction. Rather, it contends that the court properly exercised its discretion under ORS 161.635(1)(a) in choosing to impose a fine not exceeding $6,250 on this Class A misdemeanor, and permissibly chose $2,000 as the appropriate amount of that discretionary fine. In support of its contention that the court imposed the fine in the exercise of its discretion—and not as a mandatory minimum fine—the state relies primarily on the following statement made by the court during sentencing:

> "I'm imposing the—a fine of $2,000. I note [defendant's] argument. I believe that the statutory minimum fine and the—the sentence that I imposed is [sic] appropriate."

According to the state, the "court's use of the term 'appropriate'—rather than 'correct' or 'required'—reflects an exercise of discretion." The state also points to the court's earlier statement to defendant that "[t]his is an 'A' misdemeanor, a crime for which I could sentence you up to a year in jail, fine you up to $6,250." Taken together, the state argues, those statements show that the court understood that it had discretion to impose a fine up to $6,250, and that it used its discretion to impose a $2,000 fine because that amount was "appropriate."

We do not agree with the state's reading of the transcript. In our view, the trial court's statements do not reflect that it imposed the $2,000 fine by exercising its discretion under ORS 161.635(1)(a) to impose a fine of up to $6,250, and that it simply *chose* to impose a fine of the same magnitude that would have been mandatory had ORS 813.010(6)(c) applied in this case. Rather, the court's comments seem more consistent with a rejection of defendant's argument that the $2,000 fine was not mandatory because the court was sentencing her to a term of incarceration—an argument that the court "noted" without ruling on explicitly. In the end, however, we need not definitively resolve which meaning the court intended its words to carry. Instead, we can vacate the $2,000 fine and remand, giving the sentencing court an opportunity to reconsider what fine to impose on defendant's DUII conviction, consistent with

the law as we have explained it in this opinion. *See State v. Harrell / Wilson*, 353 Or 247, 265, 297 P3d 461 (2013) (where Supreme Court could not determine whether the trial court took certain action as an exercise of judicial discretion or, instead, because it believed that it "lacked authority" to do otherwise, the Supreme Court concluded that its "best course" was "to remand to the trial court to reconsider" the issue in accordance with the Supreme Court's opinion). On remand, the trial court can either impose the $1,500 mandatory minimum fine that defendant concedes would apply in this case under ORS 813.010(6)(b) or exercise its discretion under ORS 161.635(1)(a) to impose a greater fine not to exceed $6,250.

$2,000 fine on DUII conviction vacated; remanded for resentencing; otherwise affirmed.