Submitted January 26; reversed and remanded for resentencing, otherwise affirmed February 18; petition for review denied June 24, 2021 (368 Or 273)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAVID W. PAULSEN,
aka David Wayne Paulsen,
*Defendant-Appellant.*

Multnomah County Circuit Court
18CR68991; A170857

481 P3d 1034

Melvin Oden-Orr, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Francis C. Gieringer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Reversed and remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant appeals his convictions for driving under the influence of intoxicants (DUII), ORS 813.010, and reckless driving. At sentencing, the trial court sentenced defendant to probation, with 30 days' jail time as a condition of probation. The court also imposed a $2,000 fine for DUII but deferred it, and otherwise waived fines and fees. Defendant first argues on appeal that the state presented insufficient evidence on both counts; we reject those arguments without discussion. Defendant also argues that the court plainly erred in imposing the $2,000 DUII fine, because the court erroneously believed that the fine was mandatory rather than discretionary on defendant's third conviction for DUII. The state concedes that imposing that fine was error, and we accept the concession. Under ORS 813.010(6), a court must impose, "[f]or a person's third or subsequent [DUII] conviction, a minimum of $2,000 if the person is not sentenced to a term of imprisonment." In *State v. Frier*, 264 Or App 541, 546-47, 333 P3d 1093 (2014), which involved similar facts, we concluded that a "term of imprisonment" under that statute included jail time imposed as a condition of probation. Accordingly, the trial court's conclusion that a $2,000 fine was mandatory in this case was incorrect. We corrected a similar error as "plain error" in *State v. Loudermilk*, 288 Or App 88, 405 P3d 195 (2017). For the reasons set forth in *Loudermilk*, we exercise discretion to correct the error in this case.

Reversed and remanded for resentencing; otherwise affirmed.