Submitted January 26; convictions on Counts 2 through 8 reversed and remanded, remanded for resentencing, otherwise affirmed February 18; petition for review denied July 8, 2021 (368 Or 347)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ISRAEL MARCEL MOORE,
*Defendant-Appellant.*

Washington County Circuit Court
18CR39673; A171043

481 P3d 1034

Danielle J. Hunsaker, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Convictions on Counts 2 through 8 reversed and remanded; remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant was found guilty by unanimous jury verdict on one count of first-degree unlawful sexual penetration, ORS 163.411 (Count 1), and by nonunanimous jury verdicts on seven counts of first-degree sexual abuse, ORS 163.427 (Counts 2 through 8). The trial court merged four of the sexual abuse verdicts into the remaining three, resulting in one conviction for first-degree unlawful sexual penetration and three convictions for first-degree sexual abuse. Defendant argues on appeal that the court erred in declining to give a requested instruction on less-satisfactory evidence at trial and in imposing restitution, and that the court plainly erred in instructing the jury it need not reach unanimous verdicts and in accepting nonunanimous verdicts on the sexual abuse counts. We reject the claimed error regarding the less-satisfactory evidence instruction. The state concedes that defendant's convictions based on nonunanimous verdicts must be reversed in light of *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). We agree and accept the concession, and exercise discretion to correct the errors for the reasons set forth in *State v. Ulery*, 366 Or 500, 464 P3d 1123 (2020). Defendant also argues that his conviction by unanimous verdict on Count 1 should be reversed based on the erroneous nonunanimous verdict instruction. We reject that argument for the reasons set forth in *State v. Flores Ramos*, 367 Or 292, 478 P3d 515 (2020), and *State v. Kincheloe*, 367 Or 335, 478 P3d 507 (2020), in which the Supreme Court concluded that the erroneous nonunanimous jury instructions were harmless with respect to unanimous verdicts. Although our disposition obviates the need for us to address the question of restitution at this time, we note that the state concedes that the restitution award also was erroneous under *State v. White*, 299 Or App 165, 167-68, 449 P3d 924 (2019).

Convictions on Counts 2 through 8 reversed and remanded; remanded for resentencing; otherwise affirmed.