Submitted September 9; convictions on Counts 1 and 2 reversed and remanded for entry of judgment of conviction for one count of driving under the influence of intoxicants, conviction on Count 3 reversed and remanded, remanded for resentencing, otherwise affirmed October 6, 2021

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## VALERY PARMENOLVICH MELADZE,
aka Alan Cherkasov, aka Alex Valery Meladze,
aka Valery Meladze, aka Valery Parmenovich Meladze,
aka Vladid P. Meladze, aka Vladik P. Meladze,
*Defendant-Appellant.*

Multnomah County Circuit Court
19CR44122; A173149

496 P3d 1158

Shelley D. Russell, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anna Belais, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joseph Callahan, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Convictions on Counts 1 and 2 reversed and remanded for entry of judgment of conviction for one count of driving under the influence of intoxicants; conviction on Count 3 reversed and remanded; remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant was convicted based on unanimous jury verdicts on two counts of driving under the influence of intoxicants (Counts 1 and 2), ORS 813.011, and was convicted of reckless driving (Count 3), ORS 811.140, based on a nonunanimous jury verdict. On appeal, defendant argues that the trial court plainly erred in instructing the jury that it could return nonunanimous verdicts and that all his convictions should be reversed based on that error. The state concedes that the jury instruction was erroneous and that defendant's conviction on Count 3 based on the jury's nonunanimous verdict must be reversed in light of *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). We agree and accept the concession, and we exercise our discretion to correct the error for the reasons set forth in *State v. Ulery*, 366 Or 500, 503-04, 464 P3d 1123 (2020). As to defendant's argument that the court's error in instructing the jury was structural error that requires reversal of his other convictions based on unanimous jury verdicts, we reject that argument for the reasons set forth in *State v. Flores Ramos*, 367 Or 292, 305-19, 478 P3d 515 (2020).

Defendant also argues that the court plainly erred in failing to merge the guilty verdicts on Counts 1 and 2, given that they were based on alternative theories for commission of the same offense. The state concedes that the court plainly erred in failing to merge those verdicts pursuant to ORS 161.067. We agree and accept that concession. We exercise discretion to correct the error for the reasons set forth in *State v. Camacho-Alvarez*, 225 Or App 215, 217, 200 P3d 613 (2009) (correcting similar error as plain error).

Convictions on Counts 1 and 2 reversed and remanded for entry of judgment of conviction for one count of driving under the influence of intoxicants; conviction on Count 3 reversed and remanded; remanded for resentencing; otherwise affirmed.