Submitted September 3; remanded for resentencing, otherwise affirmed
October 13, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DONALD IRA WYTCHERLEY,
*Defendant-Appellant.*

Coos County Circuit Court
18CR47251; A173733

496 P3d 1158

Andrew E. Combs, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Mark Kimbrell, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant, who was convicted of driving under the influence of intoxicants (DUII), ORS 813.010, asserts on appeal that the trial court plainly erred in imposing a $2,000 fine, mistakenly believing the fine was mandatory rather than discretionary under the circumstances of this case. The state concedes the error. As explained below, we agree, accept the concession, and exercise discretion to correct the error.

Under ORS 813.010(6), a court must impose, "[f]or a person's third or subsequent [DUII] conviction, a minimum [fine] of $2,000 if the person is not sentenced to a term of imprisonment." In the present case, the court concluded the fine was mandatory, although it sentenced defendant to jail as a condition of probation. In *State v. Frier*, 264 Or App 541, 546-47, 333 P3d 1093 (2014), we concluded that a "term of imprisonment" under that statute included jail time imposed as a condition of probation. Accordingly, the trial court's conclusion that a $2,000 fine was mandatory in this case was incorrect. As the state acknowledges, we have corrected similar errors as plain error in the past. *See, e.g.*, *State v. Paulsen*, 309 Or App 414, 481 P3d 1034 (2021); *State v. Loudermilk*, 288 Or App 88, 405 P3d 195 (2017). For the reasons set forth in *Loudermilk*, we exercise discretion to correct the error.

Remanded for resentencing; otherwise affirmed.