***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted December 7, 2022; reversed and remanded for resentencing,
otherwise affirmed January 5, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SANDRA VERONICA RUSSELL,
*Defendant-Appellant.*

Washington County Circuit Court
20CR51328; A176214

Oscar Garcia, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Bruce A. Myers, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Reversed and remanded for resentencing; otherwise affirmed.

**SHORR, P. J.**

Defendant appeals from a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010(4). She raises three assignments of error. We reject her first assignment of error in which she contends that the trial court erred in denying her motion for judgment of acquittal. We agree with her second assignment of error that the trial court erred in imposing a special probation condition requiring her to submit to a polygraph examination. Finally, because we remand for resentencing on defendant's second assignment of error, we need not resolve her third assignment of error in which she contends that the trial court erred in imposing a mandatory $2,000 fine as part of her sentence.

A full recitation of the facts would not benefit the bench, the bar, the public, or the parties. We only relay some minimal facts as background.

Defendant first contends that the trial court erred in denying her motion for judgment of acquittal, because, in defendant's view, there was insufficient evidence from which a factfinder could find that she had the necessary blood alcohol content, or that she was impaired, *while she was driving* her vehicle as required by ORS 813.010(1). The state presented evidence that, when the police first encountered defendant around 2:00 a.m. and observed signs of her intoxication, she was seated in the driver's seat of a pickup truck. The truck was parked just outside of designated parking spots, and at a 45-degree angle to those spots, in a church parking lot. The truck's engine was running and its lights were on. Defendant told the officers that she had been asleep in the truck for about an hour and had been in the parking lot for between four and five hours if not "maybe seven or eight hours." Defendant contends that, given the time that she stated that her truck had been parked in the parking lot and the fact that no one observed her driving the truck, there was insufficient evidence for a factfinder to conclude, absent impermissible speculation, that she was actually driving at any time that she was impaired.

We have reviewed the evidence in the light most favorable to the state and conclude that there was sufficient evidence from which a rational trier of fact, making reasonable inferences, could find that defendant had driven while impaired. *See State v. Hedgpeth*, 365 Or 724, 730, 452 P3d 948 (2019) (stating that standard of review). As a result, the trial court did not err in denying defendant's motion for judgment of acquittal.

In defendant's second assignment of error, she contends that the trial court erred in imposing a special condition of probation that required her to submit to a polygraph examination to monitor her compliance with her probation. Specifically, she contends that the court erred by failing to announce that condition in open court at her sentencing before including it in the judgment. The state concedes that error. That concession is well taken.[1] *See State v. Jacobs*, 200 Or App 665, 671-74, 117 P3d 290 (2005) (stating that a defendant has a right to be present when the court announces a sentence and to object thereto). The error is also not harmless. *Id.* Thus, we remand for resentencing.

In defendant's third assignment of error, she contends that the trial court plainly erred in imposing a mandatory $2,000 fine under ORS 813.010(6)(c), arguing that a mandatory fine was not required under that statute in her particular circumstance. Because we remand this case for resentencing on defendant's second assignment of error, we do not need to reach that sentencing issue or proceed through our plain-error analysis. However, because this issue may arise on remand, we make one additional observation. As relevant here, ORS 813.010(6)(c) provides that a court "shall" impose a $2,000 fine upon a defendant's third DUII conviction "if the person is not sentenced to a term of imprisonment." We have held that a sentence of jail imposed as a condition of probation, which was part of defendant's sentence here, is a "term of imprisonment" under ORS 813.010(6)(c). *State v. Frier*, 264 Or App 541, 548, 333 P3d 1093 (2014).

---

[1] Given our acceptance of the state's concession, we do not need to reach defendant's other, substantive challenges to the polygraph probation condition.

        In sum, we reject defendant's first assignment of error. We accept the state's concession as to defendant's second assignment of error. We do not reach defendant's third assignment of error, but provide guidance should the issue arise again on remand.

        Reversed and remanded for resentencing; otherwise affirmed.