Submitted February 27, 2023, portion of judgment revoking defendant's driver's license reversed, remanded for resentencing, otherwise affirmed July 19, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHEY BRIELLE KOELZER,
*Defendant-Appellant.*

Lane County Circuit Court
19CR74196; A176393

534 P3d 299

Defendant appeals from a judgment of conviction for one count of driving under the influence of intoxicants (DUII), ORS 813.010 (2017), *amended by* Or Laws 2021, ch 253, § 6. She challenges her sentence, assigning error to the application of ORS 809.235(1)(b) to permanently revoke her driving privileges and of ORS 813.010(6) (2017) to the imposition of a $2,000 fine. According to defendant, neither ORS 809.235(1)(b) nor ORS 813.010(6) (2017), both of which apply to a defendant's third or subsequent DUII conviction, applied to her case. She argues this was not a third DUII conviction for the purpose of those statutes because one of her prior DUII convictions occurred under an Alaska DUII statute that was not a "statutory counterpart" to Oregon's, as required under ORS 809.235(1)(b). *Held*: Alaska and Oregon DUII statutes were not statutory counterparts as the elements in both were not the same or nearly the same. *State v. Guzman*, 366 Or 18, 47, 455 P3d 485 (2019). While the Alaska DUII statute permitted a DUII conviction to be based on a defendant's blood alcohol level observed "within four hours" after the alleged offense was committed, ORS 813.010 (2017) considered the defendant's blood alcohol level while driving. The trial court therefore erred in permanently revoking defendant's driving privileges. The court nevertheless did not err in imposing the $2,000 fine because the ORS 813.010(6) (2017) fine provision was not affected by the ORS 809.235(1)(b) statutory counterpart limitation.

Portion of judgment revoking defendant's driver's license reversed; remanded for resentencing; otherwise affirmed.

Jay A. McAlpin, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kristin A. Carveth, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Portion of judgment revoking defendant's driver's license reversed; remanded for resentencing; otherwise affirmed.

**ORTEGA, P. J.**

Defendant appeals from a judgment convicting her of one count of driving under the influence of intoxicants (DUII), ORS 813.010 (2017), *amended by* Or Laws 2021, ch 253, § 6.[1] She raises two challenges to the sentencing proceedings, the first to the trial court's permanent revocation of her driving privileges and the second to the imposition of a $2,000 fine. The state concedes that the trial court erred in permanently revoking defendant's driving privileges, and we agree. However, we conclude that the imposition of the fine was not erroneous. We therefore reverse the permanent revocation of defendant's driving privileges and otherwise affirm.

We review the propriety of a trial court's sentence for legal error. *State v. Coates*, 288 Or App 586, 587, 406 P3d 1123 (2017). We begin by providing the background facts, as presented at trial, and then recount the procedural facts.

Defendant was walking along Territorial Highway and a driver stopped to check on her. She told the driver that she had wrecked her car. According to the driver, defendant "was very drunk." The deputy sheriff who arrived to investigate the incident also observed that defendant appeared to be intoxicated. After she performed poorly on field sobriety tests, defendant was arrested and taken to jail, where she was given a breath test that produced a blood alcohol content result of 0.14 percent, which is beyond the legal limit.

The state charged defendant with DUII, alleging that she unlawfully drove a motor vehicle upon a highway while under the influence of intoxicating liquor. Defendant pleaded not guilty, and her case went to trial by a jury. At trial, the state's evidence included an audio recording of the 9-1-1 call made by the driver who first approached defendant as well as that driver's testimony, photos of the scene, the results of defendant's blood alcohol test, and testimony from the investigating officers. Ultimately, the jury convicted defendant of DUII.

---

[1] All references to ORS 813.010 are to ORS 813.010 (2017), the version of the statute in effect at the time that defendant was stopped for DUII. We therefore refer to that statute as ORS 813.010 (2017).

During the sentencing proceeding, the state asked the court, among other things, to permanently revoke defendant's driving privileges under ORS 809.235, asserting that this was her third DUII conviction. The state argued—and defendant does not dispute—that she had two prior DUII convictions, a 2003 conviction in Alaska and a 2013 conviction in Oregon. The state further asked the court to order defendant to pay a $2,000 fine, as provided under ORS 813.010(6)(c) (2017). Defendant argued that the state had not provided a judgment or other proof of defendant's conviction under the Alaska DUII statute, so this should not count as her third DUII conviction justifying permanent revocation of her driving privileges. The trial court disagreed with defendant, imposed the $2,000 fine, and suspended her driving privileges for life.

On appeal, defendant asserts two challenges, the first to permanent revocation of her driving privileges, which the state concedes was erroneous, and the second to imposition of the $2,000 fine. In a combined argument, defendant maintains that because one of her three DUII convictions was under an Alaska DUII statute that is not a "statutory counterpart" to Oregon's statute given that Alaska criminalizes a broader range of conduct, both the revocation of her license and the imposition of the highest statutory fine were erroneous.

We begin with defendant's first assignment of error and explain why we agree that permanent revocation of her driving privileges was erroneous. ORS 809.235(1)(b) provides that "[t]he court shall order that a person's driving privileges be permanently revoked *** if the person is convicted for a third or subsequent time" of driving while under the influence of intoxicants in violation of ORS 813.010 or its "statutory counterpart" in another jurisdiction. As defendant argues and the state concedes, AS 28.35.030(a)(2) (Alaska's DUII statute) was not a "statutory counterpart" to ORS 813.010 (2017) because the elements in both are not the same or nearly the same. *State v. Guzman/Heckler*, 366 Or 18, 47, 455 P3d 485 (2019) (a foreign statute and an Oregon statute are "statutory counterparts" when they have elements that are "the same as or nearly the same"); *see also id.* at 38 ("when [a] foreign offense reaches conduct that is less

culpable than that involved in the Oregon offense, then that is an indication that the foreign offense is not a statutory counterpart"). Here, AS 28.35.030(a)(2) permitted a conviction for DUII if a defendant is found to have a 0.08 blood alcohol level "within four hours" after the alleged offense was committed. ORS 813.010 (2017), however, did not contain the same four-hour time window that Alaska's statute did but instead required proof that a defendant presented a 0.08 blood alcohol level while driving.[2] Because the elements in both statutes were not the same or nearly the same given the Alaska statute's broader scope, the trial court erroneously considered defendant's Alaska DUII conviction in revoking defendant's driving privileges.

We turn to defendant's second argument, challenging the imposition of a $2,000 fine based on the same arguments about whether the statute that formed the basis of her Alaska DUII conviction was a statutory counterpart to ORS 813.010 (2017). The fine was imposed based on ORS 813.010(6) (2017), which provides:

"(6)  In addition to any other sentence that may be imposed, the court shall impose one or more of the following fines on a person convicted of driving while under the influence of intoxicants as follows:

"* * * * *

"(b)  For a person's second conviction, a minimum of $1,500.

"(c)  For a person's third or subsequent conviction, a minimum of $2,000 if the person is not sentenced to a term of imprisonment."[3]

---

[2] Oregon's DUII statute, ORS 813.010 (2017), provided:

"(1)  A person commits the offense of driving while under the influence of intoxicants if the person drives a vehicle while the person:

"(a)  Has 0.08 percent or more by weight of alcohol in the blood of the person as shown by chemical analysis of the breath or blood of the person made under ORS 813.100, 813.140 or 813.150."

The 2003 version of Alaska's DUII statute, AS 28.35.030(a)(2), provided that a person's punishable blood alcohol level could be "determined by a chemical test taken within four hours after the alleged offense was committed."

[3] We observe that ORS 813.010(6)(c) (2017) provided that a $2,000 fine should be imposed if a defendant "is not sentenced to a term of imprisonment." Defendant does not argue that the fact that she was sentenced to 60 days in county jail as

According to defendant, because the Alaska DUII conviction was not under a statutory counterpart to the Oregon's DUII statute, she had only two qualifying DUII convictions and the fine imposed should have been lower, as provided in ORS 813.010(6)(b) (2017). The state argues in response that defendant's conviction on this case was a "third or subsequent conviction" for the purpose of applying the fine because the fine provisions in ORS 813.010(6) (2017) are not affected by the ORS 809.235(1)(b) statutory counterpart limitation.

We agree with the state. Contrary to defendant's argument, ORS 813.010(6) (2017) does not include a requirement that prior convictions for driving under the influence of intoxicants must be under the Oregon statute or its statutory counterparts in other jurisdictions to be counted for purposes of assessing a fine. Because defendant had two prior convictions for DUII, the conviction at issue marks her "third or subsequent conviction." Accordingly, the trial court did not err in imposing the $2,000 fine pursuant to ORS 813.010(6)(c) (2017).

Portion of judgment revoking defendant's driver's license reversed; remanded for resentencing; otherwise affirmed.

---

a condition of her probation impacts the propriety of imposition of a $2,000 fine in her case. *See State v. Frier*, 264 Or App 541, 547, 333 P3d 1093 (2014) (a five-month jail sentence as a condition of the defendant's probation counted as a "term of imprisonment," and so the defendant was not subject to the mandatory minimum $2,000 fine under ORS 813.010(6)(c) (2017)). As a result, we do not consider that issue.