***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted July 6, portion of judgment imposing $2,000 fine on Count 1 vacated, remanded for resentencing, otherwise affirmed August 9, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARKUS HENRY DOVE,
*Defendant-Appellant.*

Lane County Circuit Court
20CR46261; A176824

R. Curtis Conover, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Andrew D. Robinson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Portion of judgment imposing $2,000 fine on Count 1 vacated; remanded for resentencing; otherwise affirmed.

**AOYAGI, P. J.**

Defendant was convicted of felony driving under the influence of intoxicants (DUII), ORS 813.011 (Count 1); driving while suspended or revoked, ORS 811.182(4) (Count 2); and reckless driving, ORS 811.140 (Count 3). On appeal, defendant assigns error to two of the trial court's rulings: first, the denial of his motion to suppress his pre-*Miranda* statements and, second, the imposition of a $2,000 fine on Count 1.

As to the first assignment of error, the trial court correctly concluded that defendant was not in "compelling circumstances" during the time period before he was given *Miranda* warnings. *See State v. Roble-Baker*, 340 Or 631, 641, 136 P3d 22 (2006) (describing the proper analysis to determine whether a person was in "compelling circumstances" so as to require *Miranda* warnings); *State v. Grimm*, 290 Or App 173, 179, 414 P3d 435, *rev den*, 363 Or 283 (2018) ("Whether the totality of the circumstances, as found by the trial court, were compelling, such that *Miranda* warnings were required, is a legal question that we review for legal error."). Having considered the record and the parties' arguments, we agree with the state that the trial court did not err in its legal conclusion and consequent denial of defendant's motion to suppress.

As to the second assignment of error, defendant did not preserve the claim of error and therefore requests plain-error review.[1] Defendant argues that the trial court plainly erred in imposing the $2,000 fine on Count 1, because the court misunderstood that the fine was mandatory, when it was not.

Under ORS 813.010(6)(c), a trial court "shall impose" a minimum fine of $2,000 for a person's third or subsequent DUII conviction "if the person is not sentenced to a term

---

[1] "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to correct a "plain" error. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). It is a matter of discretion whether we will correct a plain error. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006).

of imprisonment." Here, defendant (who has two prior DUII convictions) was confined to jail for 120 days as a condition of his probation on Count 1. That qualifies as being "sentenced to a term of imprisonment" for purposes of ORS 813.010(6)(c). *State v. Frier*, 264 Or App 541, 548, 333 P3d 1093 (2014) (holding that the mandatory minimum $2,000 fine in ORS 813.010(6)(c) does not apply to a person who is sentenced to jail time as a condition of probation and that it is reversible error to impose a $2,000 fine based on the erroneous belief that it is mandatory). It is apparent from the transcript of the sentencing hearing, however, that the court was unaware of *Frier* and perceived the fine to be mandatory in these circumstances.[2]

The state concedes, and we agree, that the court plainly erred in imposing the $2,000 fine on Count 1, where it did so on the legally erroneous premise that the fine was statutorily required. *See State v. Wytcherley*, 315 Or App 194, 195, 496 P3d 1158 (2021) (accepting concession of plain error in same circumstances and noting that "we have corrected similar errors as plain error in the past"). We also choose to exercise our discretion to correct the error, as we have done in the past in similar cases. Doing so serves the ends of justice, as the error is easily corrected, and the amount at issue is significant, particularly for an indigent defendant.

Portion of judgment imposing $2,000 fine on Count 1 vacated; remanded for resentencing; otherwise affirmed.

---

[2]   During sentencing, this exchange occurred between the court and the prosecutor:

"THE COURT: *** And likewise, am I correct that that $2,000 fine on the driving under the influence is that statutorily required?

"[PROSECUTOR]: Yes, Your Honor. That is statutorily required unless there's a term of imprisonment, which I don't believe local jail time constitutes.

"THE COURT: Right."