90 June 5, 2024 No. 378

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ETHAN SINCLAIR WOLCOTT,
*Defendant-Appellant.*

Lane County Circuit Court
21CR48912; A179823

Stephen W. Morgan, Judge.

Submitted April 24, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

## JACQUOT, J.

Defendant was found guilty except for insanity (GEI) of first-degree assault, ORS 163.185. In his sole assignment of error, defendant argues that the trial court lacked the statutory authority to order him to provide a thumbprint to the Oregon State Police. Defendant concedes that his claim of error is not preserved but asks us to correct it as plain error. Because we conclude that the alleged error is not plain, we affirm.

We have discretion to correct an unpreserved error only if it is an error of law, the legal point is obvious and not reasonably in dispute, and it appears on the face of the record. ORAP 5.45(1); *State v. Aitken*, 255 Or App 17, 26, 296 P3d 587, *rev den*, 353 Or 867 (2013). The first and third prerequisites are satisfied here. "The sentencing authority of a court must be expressly conferred by statute[,]" *State v. Berglund*, 311 Or App 424, 427, 491 P3d 820 (2021), and we review whether a court's sentence is authorized by statute for legal error, *State v. Koelzer*, 327 Or App 143, 145, 534 P3d 299 (2023). Any error also appears on the face of the record. The only question is whether the legal point is obvious and not reasonably in dispute.

Here, following the GEI finding, the trial court ordered defendant "to submit [a] blood or buccal sample *and thumbprint* pursuant to ORS 137.076." (Emphasis added.) ORS 137.076 requires a sentencing court to order persons convicted of a felony or other enumerated crime to provide a blood or buccal sample:

"(2)   When a person is convicted of an offense listed in subsection (1) of this section:

"* * * * *

"(b)   The court shall include in the judgment of conviction an order stating that a blood or buccal sample is required to be obtained at the request of the appropriate agency * * *. If the judgment sentences the convicted person to probation, the court shall order the convicted person to submit to the obtaining of a blood or buccal sample as a condition of the probation."

The statute then requires the appropriate agency to collect the sample, to obtain a thumbprint, and to send both to the Department of State Police, along with the person's identifying information:

> "(c)  The appropriate agency shall cause a blood or buccal sample to be obtained and transmitted to the Department of State Police. The agency shall cause the sample to be obtained as soon as practicable after conviction. The agency shall obtain the convicted person's thumbprint at the same time the agency obtains the blood or buccal sample. The agency shall include the thumbprint with the identifying information that accompanies the sample."

*Id*.

Defendant points out that ORS 137.076 is not directly applicable to him because he was found GEI and not "convicted" of a felony or any other crime enumerated by that statute. But he acknowledges that ORS 161.325(4) does apply:

> "(4) * * * whenever a defendant charged with any offense listed in ORS 137.076(1) has been found guilty of that offense except for insanity, the court shall * * * direct the defendant to submit to the obtaining of a blood or buccal sample in the manner provided in ORS 137.076."

Consequently, defendant does not dispute that the trial court lawfully ordered him to submit a blood or buccal sample. He argues only that the additional order to submit a thumbprint was not statutorily authorized. He reasons that, although ORS 137.076 generally allows the trial court to order the collection of a thumbprint, the terms of ORS 161.325(4) do not. In other words, ORS 161.325(4) grants a trial court only a portion of the authority otherwise contained in ORS 137.076.

The problem with defendant's argument is that neither ORS 137.076 nor ORS 161.325(4) explicitly authorize the trial court to order the collection of a thumbprint. Although ORS 137.076 authorizes—and even requires—the collecting agency to obtain a thumbprint, the statute does not require the trial court to expressly order that action. Thus, there is a reasonable argument that the statutory directive to obtain the thumbprint is simply part and parcel of the blood- or

buccal-sample-collection process. Consequently, when ORS 161.325(4) authorizes the collection of a blood or buccal sample "in the manner provided in ORS 137.076," there is a reasonable argument that the "manner provided" includes—as a component part of that process—the collection of a thumbprint, even if the court's order makes no mention of a thumbprint. If that is the case, then, at most, the court's express mention of the thumbprint in this case was simply surplusage. Because there is a reasonable dispute as to whether the trial court erred, defendant's assignment of error does not qualify as plain error.

Affirmed.