No. 927 December 26, 2024 57

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BENJAMIN SANCHEZ, JR.,
*Defendant-Appellant.*

Lane County Circuit Court
22CR58607; A180883

Michelle P. Bassi, Judge.

Submitted November 19, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Nora Coon, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and DeVore, Senior Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant was convicted of driving under the influence of intoxicants (DUII), ORS 813.010(4), following a stipulated facts trial. In two assignments of error, defendant argues that the trial court erred by (1) denying his motion to exclude evidence that he did not have a valid driver's license at the time of the offense, and (2) imposing a $1,500 fine under ORS 813.010(6)(b) without considering whether he had the ability to pay that fine. Because any error in denying the evidentiary motion was harmless, and the fine under ORS 813.010(6)(b) is mandatory, we affirm.

Before trial, defendant filed a motion *in limine* asking, among other things, that the trial court exclude evidence that he did not have a valid driver's license at the time of the offense. Defendant argued that it was not relevant and was more prejudicial than probative under OEC 403.[1] The court denied defendant's motion.

Defendant proceeded with a trial based on stipulated facts (that did not include evidence about his lack of a driver's license) and was convicted. At sentencing, the parties discussed ORS 813.010(6), which sets out fines for convictions of DUII. Defendant requested that the court consider his ability to pay the fine before imposing the $1,500 minimum. When the court questioned whether it had the authority to impose less than the amount mandated by the statute, defendant argued that a different statute, ORS 161.645, authorized the court to reduce the fine based on defendant's financial circumstances. The state argued that, based on the text of ORS 813.010(6), the minimum fine was mandatory. The court decided "to order the $1,500 fine," because it read the fines provided for in ORS 813.010(6) to be mandatory.

In his first assignment of error, defendant argues that the trial court erred by denying his motion *in limine* to exclude evidence that he did not have a valid driver's license at the time of his arrest. He argues that the evidence was substantially more prejudicial than probative and, therefore,

---

[1] OEC 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

did not pass OEC 403 balancing.[2] We review the trial court's admission or exclusion of evidence under OEC 403 for abuse of discretion. *State v. Conrad*, 280 Or App 325, 330, 381 P3d 880 (2016), *rev den*, 360 Or 851 (2017). Where the exercise of discretion is predicated on determinations of law, we review those determinations for legal error. *State v. Sarich*, 352 Or 601, 615, 291 P3d 647 (2012).

In a stipulated facts trial, the trial court's denial of a motion to exclude evidence, even if error, is necessarily harmless if the challenged evidence is not included among the stipulated facts that form the basis of the conviction. *See State v. Johnson*, 153 Or App 535, 539, 958 P2d 887, *rev den*, 327 Or 554 (1998) ("Assuming without deciding that the trial court's ruling about the officer's observation at the scene of the arrest is error, it is harmless. That evidence was not part of the evidence that led to defendant's conviction because it was not part of the stipulated facts at trial."). Because the evidence that defendant lacked a valid driver's license was not included in the stipulated facts, any error in denying defendant's motion was harmless.

In his second assignment of error, defendant argues that the trial court erred when it declined to consider his ability to pay the minimum fine of $1,500 provided by ORS 813.010(6)(b), because, as he sees it, ORS 161.645 required that consideration. The state argues that the minimum fine provided by ORS 813.010(6) is mandatory and not subject to ORS 161.645 and, therefore, the trial court was neither required, nor had discretion, to consider evidence of defendant's ability to pay. The parties present a question of statutory construction, namely whether the legislature intended that the minimum fine imposed by ORS 813.010(6)(b) be mandatory or subject to the ORS 161.645 provision requiring that the trial court consider a defendant's ability to pay before deciding to impose a fine. We conclude that the trial court did not err, because ORS 161.645 only applies to discretionary fines, and the fines imposed by ORS 813.010(6) are not discretionary.

"We review a claim that the sentencing court failed to comply with the requirements of law in imposing a sentence for errors of law." *State v. Capri*, 248 Or App 391, 394,

---

[2] Defendant does not renew his argument that the evidence was not relevant.

273 P3d 290 (2012). When construing a statute, we seek to determine the legislature's intent by examining the text and context of the statute, as well as legislative history, if useful. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009).

"We begin with the text and context of the statute, which are the best indications of the legislature's intent." *State v. Walker*, 356 Or 4, 13, 333 P3d 316 (2014). ORS 813.010(6) provides, in pertinent part:

> "In addition to any other sentence that may be imposed, the court *shall* impose one or more of the following fines on a person convicted of driving while under the influence of intoxicants as follows:
>
> "(a)  For a person's first conviction, a minimum of $1,000.
>
> "(b)  For a person's second conviction, a minimum of $1,500.
>
> "(c)  For a person's third or subsequent conviction, a minimum of $2,000 if the person is not sentenced to a term of imprisonment."

(Emphasis added.)[3] ORS 161.645 provides, in full:

> "In determining *whether* to impose a fine and its amount, the court *shall* consider:
>
> "(1)  The financial resources of the defendant and the burden that payment of a fine will impose, with due regard to the other obligations of the defendant; and
>
> "(2)  The ability of the defendant to pay a fine on an installment basis or on other conditions to be fixed by the court."

(Emphases added.)

Based upon the plain text of ORS 813.010(6), the trial court did not err when it imposed the $1,500 fine without considering defendant's ability to pay that fine. ORS 161.645 applies to discretionary fines: the trial court is only required to consider a defendant's ability to pay when "determining *whether* to impose a fine." Although ORS 161.645 directs the court to consider the defendant's ability to pay,

---

[3] It is undisputed that this is defendant's second DUII conviction.

that directive is in the context of the trial court's discretionary determination of whether or not to impose a fine. Conversely, the text of ORS 813.010(6) is mandatory and requires the court to impose a fine: "the court *shall* impose." Because ORS 813.010(6) requires the court to impose a fine, the court does not have discretion to "determine *whether* to impose a fine," and ORS 161.645 is inapplicable. Put simply, ORS 161.645 only applies to discretionary fines, and the fines imposed by ORS 813.010(6) are not discretionary.

That interpretation is consistent with our past treatment of the ORS 813.010(6) minimum fines as mandatory rather than discretionary. *See State v. Bryan*, 221 Or App 455, 459, 190 P3d 470 (2008), *rev den*, 347 Or 290 (2009) ("Prior construction of a statute by this court is always relevant to our analysis of the statute's text."). For example, in *State v. Frier*, 264 Or App 541, 543, 333 P3d 1093 (2014), the defendant had been convicted of her fourth DUII; the trial court sentenced her to five months in jail and imposed the minimum fine provided by ORS 813.010(6)(c).[4] We recognized that the trial court was required to impose one of the minimum fines in ORS 813.010(6) and identified only two statutes that controlled the court's decision about the amount of that fine: ORS 813.010(6) and ORS 161.635(1)(a), which provides a maximum fine amount for misdemeanors. *Id.* at 543-44 ("Two statutes controlled the court's decision about the amount of that fine. *** [T]he court had *discretion* to order defendant to pay a fine *** under ORS 161.635(1)(a). However, *** [it] was *required* to impose at least a mandatory minimum fine under the schedule set out in ORS 813.010(6)." (Emphases in original; citation omitted.)). ORS 161.645 was not mentioned. *See also State v. Coates*, 288 Or App 586, 592 n 1, 406 P3d 1123 (2017) ("ORS 813.010(6) requires that a sentencing court impose a *minimum* fine amount, that is, that the court must impose a fine at an amount no less than the amount specified." (Emphasis in original.)); *State v. Cloutier*, 351 Or 68, 70, 261 P3d 1234

---

[4] Our decision in *Frier* addressed whether the trial court was required to impose a fine under ORS 813.010(6)(c) when it had also sentenced the defendant to imprisonment. ORS 813.010(6)(c) provides that the trial court shall impose "[f]or a person's third or subsequent conviction, a minimum of $2,000 *if the person is not sentenced to a term of imprisonment.*" (Emphasis added.) ORS 813.010(6)(b) does not provide a comparable qualification on imposing the minimum fine.

(2011) (describing ORS 813.010(6)(a) as providing the "mandatory minimum fine for misdemeanor DUII").

The context of ORS 813.010(6) also supports the interpretation that the fines are mandatory. The legislature *has* provided the trial court with discretion to determine the amount of the fine to impose in other subsections of the same statute: ORS 813.010(7) provides that "[n]otwithstanding ORS 161.635 [providing maximum fines for misdemeanors], $10,000 is the maximum fine that a court *may* impose" under certain circumstances. (Emphasis added.) Defendant argues that because the legislature explicitly excluded ORS 813.010(7) from the ORS 161.635 maximum fine restriction, its decision *not* to explicitly exclude ORS 813.010(6) from the ORS 161.645 ability to pay analysis requirement shows that the legislature intended ORS 813.010(6) to be subject to ORS 161.645. However, for the reasons explained above, nothing within the text of ORS 813.010(6) supports such an inference. Moreover, had the legislature intended to make ORS 813.010(6) subject to ORS 161.645, it could have done so in the same manner that it did with ORS 813.010(7) and ORS 161.635: by referencing ORS 161.645 in ORS 813.010(6). The legislature's omission of any reference to ORS 161.645 in ORS 813.010(6), while including such a reference in the proceeding subsection, suggests an intentional choice not to make ORS 813.010(6) subject to another statute such as ORS 161.645. Therefore, having considered both the text and context of ORS 813.010(6), we are convinced that the legislature intended that the minimum fine schedule under ORS 813.010(6) be mandatory and not subject to ORS 161.645.[5]

Accordingly, any error in denying defendant's motion to exclude evidence that he did not have a valid driver's license was harmless and, considering the text and context of ORS 813.010(6), the trial court did not err when it declined to consider defendant's ability to pay and reduce the mandatory minimum fine.

Affirmed.

---

[5] In considering whether the legislature intended that the minimum fine schedule under ORS 813.010(6) be mandatory, we have also reviewed the legislative history of that statute. We did not think it helpful in resolving this case. *See Gaines,* 346 Or at 170-71 ("A court need only consider legislative history 'for what it's worth'—and what it is worth is for the court to determine." (Quotation marks in original.)).